[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12350

Non-Argument Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,
et al.,

Plaintiffs,

RADIANT IMAGES, INC.,

GIANE WOLFE,

TOURMAPPERS NORTH AMERICA, LLC,

JULIE PAULA KATZ,

KARA DIPIETRO, et al.,

Interested Parties-Appellants,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,
d.b.a. Par Funding, et al.,

Defendants,

2                    Opinion of the Court                    24-12350

19 COUNTRY DRIVE, LLC, et al.,

                                                        Respondents,

JACK TERZI,

                                                        Claimant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional questions, we conclude that we lack jurisdiction over this appeal because it is not taken from a final or otherwise appealable order. The appellants appeal from the district court's June 26, 2024 order granting the Receiver's motion to approve proposed treatment of claims.

The appellants primarily argue that the court's order is appealable under 28 U.S.C. § 1292(a)(2). *See* 28 U.S.C. § 1292(a)(2) (providing for appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property"). However, we have interpreted § 1292(a)(2)

as allowing immediate appeals from district court orders that do one or more of the following: (1) appoint receivers; (2) refuse to wind up receiverships; and (3) refuse to take steps to accomplish the purposes of winding up receiverships. *See Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1331 (11th Cir. 2022). The district court's June 26 order does not appoint a receiver, refuse to wind up a receivership, or refuse to take steps to accomplish the purposes of winding up a receivership. Rather, by approving the Receiver's treatment of claims, addressing objections to the Receiver's treatment of claims, and directing the Receiver to prepare and file a motion to approve a distribution plan, the June 26 order affirmatively takes steps *toward* the resolution and winding up of the receivership.

Additionally, the district court's June 26 order is not an injunction-related order appealable under 28 U.S.C. § 1292(a)(1), because it did not grant injunctive relief or otherwise address a request for injunctive relief. *See* 28 U.S.C. § 1292(a)(1). Moreover, the appellants have not shown that the June 26 order "might have a serious, perhaps irreparable, consequence, and that [it] can be effectively challenged only by immediate appeal." *See Positano Place at Naples I Condo. Ass'n v. Empire Indemnity Ins. Co.*, 84 F.4th 1241, 1249 (11th Cir. 2023) (explaining that an interlocutory order that does not explicitly address a request for injunctive relief may also be appealed under § 1292(a)(1) if, among other things, the appellant shows that the order "might have a serious, perhaps irreparable, consequence, and that [it] can be effectively challenged only by immediate appeal"). For the same reason, the court's June 26 order is not immediately appealable under the collateral order doctrine.

*See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (noting that, to be appealable under the collateral order doctrine, an order must, among other things, "be effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED for lack of jurisdiction.